NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-3511
_____

UNITED STATES OF AMERICA

v.

KEMO VAUGHN,
also known as HASSAN EPPS;
also known as ERIC HILL

Kemo Vaughn,
                    *Appellant*
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00646-001)
District Judge:  Honorable Timothy J. Savage

_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2012

Before: SLOVITER, RENDELL, and HARDIMAN, Circuit Judges

(Filed: September 24, 2012)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

In this appeal, Kemo Vaughn challenges the District Court's denial of his motion to suppress evidence seized pursuant to a warrant that Vaughn contends was invalid, overbroad, and not executed in good faith.

**I.**

On May 24, 2010 the Philadelphia police executed a search warrant on Vaughn's residence at 3829 Brown Street, Philadelphia. That search was part of a murder investigation in which the lead suspect was Keenan Coleman, an associate of Vaughn's. In the affidavit supporting the request for the warrant to search Vaughn's residence, the police provided the following facts: (1) Coleman was a member of the Thompson University gang, "a known violent drug trafficking organization," and Vaughn was known to associate with members of the gang, App. at 15; (2) a known civilian witness identified Coleman as the shooter in the murder; (3) a different known civilian witness informed police that Coleman "hides weapons" at Vaughn's residence, App. at 16; (4) police officers observed Coleman entering Vaughn's residence on "numerous occasions" over the preceding twenty-one months and as recently as five days before the affidavit was sworn, leading police to be believe that Coleman had "unrestricted access" to Vaughn's residence and might hide evidence or conceal himself from police there, App. at 17; and (5) officers observed Coleman carrying items into Vaughn's residence on "many occasions," App. at 16. On the basis of the affidavit setting forth those facts, a magistrate judge issued a warrant authorizing the seizure of "[t]he person of Keenan [Coleman], any firearms, pistols or similar weapons, any ammunition for firearms or

similar weapons, proof of residence, ownership, occupancy [sic] any identification or other papers of occupants or residents." App. at 14.

When police executed the warrant at Vaughn's residence, they found and seized crack cocaine, marijuana, drug packaging materials, Keenan Coleman's driver's license, ammunition, and three firearms – two semiautomatic handguns and a rifle. Vaughn moved to suppress that evidence, but the District Court denied his motion. Vaughn subsequently pled guilty to two counts of possession of a controlled substance with intent to distribute, one count of possession of a firearm in furtherance of drug trafficking, and one count of possession of a firearm by a convicted felon, while reserving his right to challenge the District Court's suppression ruling on appeal.

## II.

We exercise plenary review of a district court's ruling on a suppression motion.[1] *United States v. Hodge*, 246 F.3d 301, 305, 307 (3d Cir. 2001).

Even assuming that the search warrant was issued without probable cause or was overly broad, the District Court did not err in ruling the evidence seized admissible if the executing officers acted in good faith. *United States v. Leon*, 468 U.S. 897, 922-24 (1984). A judge-issued warrant typically establishes good faith. *Id.* at 922. However evidence may be suppressed when, inter alia, the affidavit so lacked indicia of probable cause that belief in its existence was entirely unreasonable or the warrant on its face

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Based on Vaughn's timely notice of appeal, we have jurisdiction under 28 U.S.C. § 1291.

3

failed to particularize the place to be searched or the things to be seized. *Hodge*, 246 F.3d at 308.

Vaughn argues that the warrant was not executed in good faith because the supporting affidavit is so lacking indicia of probable cause that belief that probable cause existed is entirely unreasonable. We reject this argument.

The affidavit rebuts Vaughn's contention that the warrant was utterly unsupported by indicia of probable cause to believe that Coleman or weapons would be found at Vaughn's residence. The affidavit cites a known informant as telling the investigating officers that Coleman hid weapons at Vaughn's residence. This witness statement is supported by the investigative officers' observations of Coleman entering and exiting Vaughn's house on "numerous occasions" and carrying things into Vaughn's house. App. at 16. This is sufficient "indicia of probable cause" to support a good faith belief in the validity of the warrant. *See, e.g.*, *United States v. Stearn*, 597 F.3d 540, 557 (3d Cir. 2010); *see also Messerschmidt v. Millender*, 132 S. Ct. 1235, 1250 (2012).

With respect to Vaughn's additional argument that nothing in the warrant or affidavit establishes probable cause to believe that "any and all weapons or ammunition found . . . would be contraband or evidence of crime," Appellant's Br. at 32, we note that nothing in the warrant or the affidavit rules out any class of firearm as the murder weapon or is incompatible with the use of multiple weapons during the murder. Moreover, given the information about Coleman's gang association and his frequenting of the house and carrying "items" in and out of the house contained in the affidavit, the executing officers

4

could have reasonably believed that Coleman might possess additional illegal firearms beyond that used in the murder. *See Messerschmidt*, 132 S. Ct. at 1246.

### III.

For the foregoing reasons, we conclude that the District Court did not err in denying Vaughn's motion to suppress. We affirm the judgment of the District Court.